IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLOTIN ALATAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| PNC BANK, N.A., | § | |
| | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant PNC Bank, N.A. ("PNC") respectfully files this Notice of Removal pursuant to diversity jurisdiction under 28 U.S.C. § 1332.

## I.
## INTRODUCTION

1. On June 28, 2022, Plaintiff Olotin Alatan ("Plaintiff") filed his Original Petition and Application for Injunctive Relief (the "Petition") and request for a temporary restraining order in the Fort Bend County, Texas 240th Judicial District Court under Cause No. 22-DCV-294632.[1]

2. In the Petition, Plaintiff seeks actual damages, consequential damages, and exemplary damages against Defendant for various causes of action including breach of contract, common law fraud, violations of the Texas Debt Collection Act, Breach of the Duty of Cooperation and Accounting stemming from the servicing of a mortgage for the real property located at 5610 Avis Hill Ct., Fulshear, Texas 77441 (the "Property"). Plaintiff also seeks injunctive relief preventing the foreclosure of the Property, and attorneys' fees.

---
[1] **Exhibit A**.

1

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by PNC are attached hereto and marked as **Exhibit A**.

## II.
## TIMELINESS OF REMOVAL

4. This suit was filed on June 28, 2022. PNC was served with process on July 6, 2022.[2] This Notice of Removal is therefore timely.

## III.
## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as the Plaintiff and Defendant PNC are completely diverse in citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

*A.  Complete Diversity Exists.*

6. Plaintiff is a citizen of Texas, residing in Fort bend County, Texas.[3]

7. PNC is a national bank with its designated main office in Delaware, and as such is a citizen of the state of Delaware.[4]

8. Because the Plaintiff is a citizen of Texas and PNC is a citizen of Delaware, complete diversity of the Parties exists.

---

[2] *See* **Exhibit A**, Return of Service.
[3] *See* **Exhibit A**, Original Pet. at ¶ 2.
[4] *See* 28 U.S.C. § 1348 (national banks "shall...be deemed citizens of the States in which they are respectively located."); *See also Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 307, 126 S.Ct. 941, 945 (2006) (holding the term "located" as used in § 1348 refers to the place designated as a national bank's main office in its articles of incorporation).

### B. The Amount in Controversy Exceeds $75,000.00.

9. In the Petition, Plaintiff seeks injunctive relief to enjoin PNC from taking any action to foreclose on the Property.[5] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[6] When the object of the mortgagors' litigation is the protection of their entire property, the fair market value of the property is the proper measure of the amount in controversy.[7] Here, the fair market value of the Property is approximately $721,690.00.[8] Therefore, based on the value of the injunctive relief sought by Plaintiffs, the amount in controversy exceeds $75,000.00 and removal is proper.

10. The Original Petition does not state on its face the amount of damages sought by Plaintiff. In order to determine the amount in controversy, PNC need only include a plausible allegation that Plaintiff's claims exceed $75,000 in the aggregate.[9] It is well established that "[t]he value to the *plaintiff* of the right to be enforced or protected determines the amount in controversy."[10] Here, in addition to filing suit for the purpose of barring PNC from foreclosing on the Property, Plaintiff seeks various forms of damages for breach of contract, common law fraud, violation of the Texas Debt Collection Act, and breach of the duty of cooperation.[11] Plaintiff also directly challenges the amount due under the $417,000.00 Note and Deed of Trust.[12] As such, in

---

[5] *See* **Exhibit A** Original Petition at ¶ pp. 8-9.
[6] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[7] *Id.*
[8] The Fort Bend County Appraisal District Summary, attached as **Exhibit B**, values the Property at $721,690. It is appropriate for the Court to take judicial notice of the Fort Bend County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source – the Hidalgo County Tax Appraisal District – cannot reasonably be questioned. *See Funk v. Snyker*, 631 F.3d 777, 783 (5th Cir. 2011).
[9] *See* 28 U.S.C. § 1332; *Dart Cherokee Basin Oper. Co. v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014); *ABS, Inc., Ltd. v. National Union Fire Ins. Co.*, 51 F.Supp.2d 762, 767 (E.D. Tex. 1999) (standing for the position that the Court may factor in the value of unspecified damages to assess whether the amount in controversy requirement is satisfied); *Salazar v. Downey*, 2012 WL 5389678, at *2 (N.D. Tex. Nov. 5, 2012) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)); *see also U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284-85 (5th Cir. 2001).
[10] *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996)(quoting *Aflonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962)).
[11] *See generally*, **Exhibit A** Original Petition.
[12] *See id.* at ¶¶ 7, 11, 31-32.

the aggregate, it is plausible Plaintiff's Original Petition's claims exceed $75,000.00 in the aggregate.

11. Additionally, Plaintiff seeks damages and attorneys' fees stemming from various causes of action asserted in the Petition.

## IV.
## VENUE

12. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1441(a) because Fort Bend County, Texas is located within this District and cases arising from Fort Bend County, Texas are properly assigned to the Southern District of Texas.[13]

## V.
## ADDITIONAL REQUIREMENTS

13. Plaintiff has not made a demand for jury trial in their Original Petition.

14. Written notice of removal will be provided to Plaintiff and filed with the District Clerk of Fort Bend County, Texas contemporaneously with this pleading.

Having satisfied the requirements for removal under 28 U.S.C. §§ 1441, 1331 and 1332, Defendant PNC Bank, N.A gives notice that Cause No. 22-DCV-294632, now pending in the Fort Bend County, Texas 240th District Court, has been removed to this Court.

Respectfully submitted,



By: */s/ Gabriella Alonso*
    **JON H. PATTERSON**
    Texas Bar No. 24077588
    jpatterson@bradley.com

---

[13] 28 U.S.C. § 124(d)(4).

Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone: (205) 521-8403
Fax:     (205) 488-6403

**GABRIELLA ALONSO**
Texas Bar No. 24113527
Fed. I.D. No. 3427194
galonso@bradley.com
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier
***ATTORNEYS FOR DEFENDANT
PNC BANK, N.A.***

# CERTIFICATE OF SERVICE

I certify that on this 2nd day of August 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

**Via US Mail& E-mail:**
*jason@leboeuflawfirm.com*
Jason A. LeBoeuf
LeBoeuf Law Firm, PLLC
675 Town Square Blvd., Suite 200
Building 1A
Garland, Texas 75040
*Attorney for Plaintiff*


*/s/ Gabriella Alonso*
Gabriella E. Alonso