IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLOTIN ALATAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4-22-CV-02569 |
| PNC BANK, N.A., | § | |
| | § | |
| *Defendant.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

**1.     State when the parties conferred as required under rule 26(f) and identify counsel who conferred:**

The Parties conferred via electronic mail on October 4 and 7, 2022. Gabriella E. Alonso conferred on behalf of Defendant PNC Bank, N.A. and Jason LeBoeuf conferred on behalf of Plaintiff Olotin Alatan.

**2.     A brief factual and legal synopsis of the case.**

This lawsuit arises from the servicing of Plaintiff's Note and Deed of trust encumbering certain real property located at 5610 Avis Hill Ct., Fulshear, Texas 77441 (the "Property"). Plaintiff admittedly defaulted on his loan and has raised claims against Defendant PNC Bank, N.A. for breach of contract, common law fraud, violation of the Texas Debt collection Act, Breach of the Duty of Cooperation, and Accounting. Each of Plaintiff's claims stem from the servicing of the loan and Plaintiff's subsequent loss mitigation applications.

PNC has and does deny the allegations raised against it in the Complaint. PNC intends to move for early disposition of each cause of action raised by Plaintiff.

**3.     The jurisdictional basis for this suit.**

Diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff has sued for damages and injunctive relief related to rea Property, which is valued at approximately $721,690.00. There is complete diversity between the Parties, as Plaintiff is a citizen of Texas and PNC is a citizen of Delaware.

**4.     A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

Plaintiff Olotin Alatan ("Plaintiff").

1

Defendant PNC Bank, N.A. ("PNC"). PNC does not anticipate or know of any additional parties who may be added to this action.

**5.     A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

None.

**6.     Confirm that the initial disclosures required by Rule 26(a)(1) and this Order have been completed.**

Plaintiff has not served initial disclosures

PNC is finalizing its initial disclosures and will serve those prior to the conference with this Court.

**7.     Proposed scheduling order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from the standard schedule. Now is the time to inform the Court of any special complexities or need for more time before the trial setting. The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.**

None.

**8.     Describe in accordance with Rule 26(f):**

**(i) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff's Response: Plaintiff anticipates conducting discovery regarding the loan servicing and loss mitigation process of Plaintiff's loan. Discovery should be completed on or before May 30, 2023, not conducted in phases, and with no limitations other than those provided by the Federal Rules of Civil Procedure.

Defendant PNC anticipates conducting discovery regarding payments on the loan, Plaintiff's default, and Plaintiff's applications to modify the loan. Defendant PNC anticipates discovery should be completed on or before May 30, 2023, not conducted in phases, and with no limitations other than those provided by the Federal Rules of Civil Procedure.

**(ii) Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as**

**any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during their conference must be identified in the report.**

The parties do not anticipate any issues relating to disclosure or discovery of ESI. Based on the nature of this case, the parties believe that producing ESI in a reasonably usable PDF format is appropriate and proportional to the needs of the case.  The parties agree to work together in good faith to arrive at specific procedures for the production of ESI that are compatible with each party's respective document management systems

**(iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including ESI and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

Plaintiff:  Plaintiff does not have or anticipate the need for any agreements relating to asserting claims of privilege or preserving discoverable information, including electronically stored information, or any agreements under Fed. R. Evid. 502

PNC does not have or anticipate the need for any agreements relating to asserting claims of privilege or preserving discoverable information, including electronically stored information, or any agreements under Fed. R. Evid. 502.

**(iv) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

Plaintiff:  Plaintiff does not believe any changes should be made in the limitations in discovery imposed by the federal or local rules, or that any other discovery limitations should be imposed.

At this time, PNC does not believe any changes should be made in the limitations in discovery imposed by the federal or local rules, or that any other discovery limitations should be imposed.

**(v) Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or Rule 16(b), (c).**

Plaintiff: None at this time.

Should any party request any discoverable information related to PNC's "policies and procedures," PNC will require the parties first agree to and enter a Protective Order. Policies and procedures constitute proprietary and trade secret information.

3

**9.     State the progress made toward settlement and the present status of settlement negotiations, including whether a demand and/or an offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.**

Plaintiff: No formal settlement has been made, but Plaintiff is open to negotiations.

PNC has not received a settlement demand but is open to negotiations.

**10.     The identity of persons expected to be deposed.**

Plaintiff:  Plaintiff anticipates deposing a representative of Defendant by April 1, 2023. Plaintiff anticipates completion of depositions of all witnesses by April 1, 2023 unless other fact witnesses come to the knowledge of Plaintiff after that date.

PNC anticipates deposing Plaintiff by April 1, 2023. Plaintiff anticipates completion of depositions of all witnesses by April 1, 2023 unless other fact witnesses come to the knowledge of PNC after that date.

**11.     Estimated trial time and whether a jury demand has been timely made.**

Two days.  No jury trial request has been made.

**12.     The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Jason A. LeBoeuf on behalf of Plaintiff.

Gabriella E. Alonso will attend on behalf of Defendant PNC.

**13.     Whether the parties jointly consent to trial before a magistrate judge.**

Plaintiff is open to a proceeding before a magistrate judge but does not request one at this time.

Defendant PNC does not agree to trial before a magistrate judge.

4862-3318-4055.1

**14. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None.

Respectfully submitted,

By: /s/ Jason A. LeBoeuf (with permission)
Jason A. LeBoeuf
Texas Bar No. 24035662
jason@leboeuflawfirm.com
LeBoeuf Law Firm, PLLC
675 Town Square Blvd. Suite 200
Building 1A
Garland, Texas 75040
(214) 206-7423 Telephone
(214) 730-5944 Facsimile
**ATTORNEYS FOR PLAINTIFF**

By: /s/ Gabriella E. Alonso
Jon H. Patterson
Texas Bar No. 24077588
jpatterson@bradley.com
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8403 Telephone
(205) 488-6403 Facsimile

Gabriella E. Alonso
Texas Bar No. 24113527
Fed. I.D. No. 3427194
galonso@bradley.com
Bradley Arant Boult Cummings LLP
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Facsimile
**ATTORNEYS FOR DEFENDANT PNC BANK, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following counsel of record:

***Via CM/ECF and electronic mail:  jason@leboeuflawfirm.com***
Jason A. LeBoeuf
LeBoeuf Law Firm, PLLC
675 Town Square Blvd. Suite 200
Building 1A
Garland, Texas 75040
(214) 206-7423 Telephone
(214) 730-5944 Facsimile
*Attorney for Plaintiff*

          */s/ Gabriella E. Alonso*
          Gabriella E. Alonso

4862-3318-4055.1